UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN KIM SOUTHAM,<br><br>    Defendant. | Case No. 4:15-cr-00227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Brian Kim Southam's letter requesting appointment of counsel to seek relief under "the Cares Act -- 3582." Dkt. 35. For the reasons that follow, the Court will deny the motion.

## ANALYSIS

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). More germane to this case, there is no constitutional right to appointed

**MEMORANDUM DECISION AND ORDER - 1**

counsel in proceedings under 18 U.S.C. § 3582(c). *See United States v. Townsend*, 98 F.3d 510, 512-513 (9th Cir. 1996); *United States v. Meyers*, No.12-cr-00248-PJH-3, 2022 WL 602518, at *1 (N.D.Cal. Mar. 1, 2022) (applying *Townsend* specifically to proceedings under 18 U.S.C. § 3582(c)(1)(A)).

In his letter, Mr. Southam states that the CARES Act was enacted due to the Covid pandemic and that he has "recently met all qualifications to be considered for the CARES Act -- 3582." Here, liberally construing the Motion, he appears to be seeking relief under both the CARES Act and 18 U.S.C. § 3582(c)(1)(A).

## 1.     CARES Act

The 2020 CARES Act, Pub.L.No., 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020), authorizes the Bureau of Prisons to place prisoners in home confinement earlier than provided in 18 U.S.C. § 3624(c)(2) if the Attorney General finds an emergency exists. In April of 2020, the Attorney General directed the Bureau of Prisons to utilize this provision "to protect vulnerable inmates and prevent or control the spread of [COVID-19]." *United States v. Herrera, Sr.*, No. CR 02-531-RSWL-1, 2022 WL 1488033, at *2-3 (C.D. Cal. May 9, 2022) (citations omitted).

Mr. Southam cannot avail himself of relief under the CARES Act. The Bureau of Prisons' designation of a place of imprisonment is not subject to judicial

review. *See* 18 U.S.C. § 3621(b). Furthermore, 18 U.S.C. § 3642(c)(4) provides

that nothing in 18 U.S.C. § 3624(c) limits or restricts the Bureau of Prisons'

authority under 18 U.S.C. § 3621(b). Given that the Bureau of Prisons has non-

reviewable authority on placement and home detention decisions, the Court could

not grant relief under the CARES Act. Accordingly, it would serve no purpose to

appoint counsel to pursue such relief.

## 2.    Compassionate Relief

To grant compassionate release under 18 U.S.C. § 3582§ (c)(1)(A), a district

court must, as a threshold matter, determine whether a defendant has exhausted his

or her administrative remedies.

The statute provides, in relevant part, that a court

[...] upon motion of the defendant after the defendant has fully
exhausted all administrative rights to appeal a failure of the Bureau of
Prisons to bring a motion on the defendant's behalf or the lapse of 30
days from the receipt of such a request by the warden of the
defendant's facility, whichever is earlier, may reduce the term of
imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

Mr. Southam's Motion states only that he had recently "met all the

qualifications for the Cares Act – 3582." His Motion lacks any facts indicating that

he has exhausted his administrative remedies or has potential grounds for seeking

compassionate release. Although the Court is sympathetic to the fact that

**MEMORANDUM DECISION AND ORDER - 3**

incarcerated persons face certain added difficulties when representing themselves *pro se*, these circumstances do not warrant the appointment of counsel. Mr. Southam has not asserted or provided the sort of exceptional circumstances that must be present before the Court will exercise its discretion to appoint counsel.

**ORDER**

**IT IS ORDERED** that Brian Kim Southam's Motion for Appointment of Counsel (Dkt. 35) is **DENIED**.

DATED: June 2, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER – 4**